**Richard W. Todd, OSB No. 79421**
rick.tslaw@gmail.com
**TODD & SHANNON, LLP**
111 W Historic Columbia River Highway
Troutdale, Oregon 97060
Telephone: (503) 232-2600
Facsimile: (503) 232-2609

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CLS PRODUCTS, LLC | ) | |
| and STEPHEN J. CALDWELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.  3:14-cv-00218 |
| | ) | |
| CONTECH INTERNATIONAL, LLC | ) | |
| d/b/a PHOENIX CURB MACHINES, | ) | |
| STUART JOHNSON, and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiffs CLS Products, LLC ("CLS Products") and Stephen J. Caldwell ("Caldwell") (collectively, "Plaintiffs") bring this action to enjoin Contech International, LLC d/b/a Phoenix Curb Machine's ("Phoenix Curb"), Stuart Johnson's ("Johnson"), and John Does 1-10's ("Does) (collectively, "Defendants") false advertising and unlawful promotion of commercial activities in violation of the Lanham Act, 15 U.S.C. § 1125(a) and tortious interference with Plaintiffs' business relationships, and further to remedy Defendants' unlawful publication of false and defamatory statements regarding Plaintiffs.  Plaintiffs also seek damages, including treble

1

damages, profits obtained as a result of the false advertising, attorneys' fees and expenses incurred as a result of Defendants' willful and illegal conduct.

**PARTIES**

1.      CLS Products is a company with its principal place of business located at 16828 NE Mason Ct., Portland, OR 97230.

2.      Stephen J. Caldwell is the owner of CLS Products, doing business at 16828 NE Mason Ct., Portland, OR 97230.

3.      Upon information and belief, Phoenix Curb is an Oregon limited liability company with its principal place of business located at 12518 N.E. Airport Way, Suite 150, Portland, OR 97230.

4.      Stewart Johnson is, upon information and belief, the president and owner of Phoenix Curb, residing at 63442 Ledgestone Ct., Bend OR 97701.

5.      Does are unknown individuals or entities that have conspired with Phoenix Curb and Johnson to publish fraudulent reviews and advertisements containing false and defamatory statements and information regarding Plaintiffs on the Internet, and have refused to disclose their identity.

**JURISDICTION AND VENUE**

6.      The Court has federal question jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 because this is a civil action that arises under the Constitution and laws of the United States; the provisions of 28 U.S.C. § 1338 because this is a civil action arising under an Act of Congress relating to unfair competition; and the provisions of 15 U.S.C. § 1125.

2

7.      The Court has supplemental jurisdiction over the state-law claims of Plaintiffs pursuant to the provisions of 28 U.S.C. § 1367.

8.      The Court has personal jurisdiction over Defendants as Phoenix Curb is headquartered in this District and Johnson resides and conducts business in this District.

9.      Venue is proper in this District under, without limitation, 28 U.S.C. §§ 1391(b)(2) & (3) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     Furthermore, venue is proper in this District because Phoenix Curb is headquartered in this District, Johnson is a resident of the State of Oregon and conducts business within this District, and Does conspired to commit tortious acts within this District.

## FACTUAL ALLEGATIONS

### *Caldwell and CLS Products*

11.     Caldwell is the owner and founder of CLS Products.

12.     Caldwell has been in the business of manufacturing concrete edging and curb pouring machinery for nine (9) years.  Prior to founding CLS Products, Caldwell was the owner of Curb Appeal International, Inc., an Oregon-based company also involved in the manufacture and distribution of curb manufacturing machinery.

13.     CLS Products specifically manufactures slipform concrete curb pouring machines that have been used around the world in applications such as housing developments, municipalities, parking lots, public works projects, sports stadiums, track & field centers, highway development and infrastructure building ventures.

14.     CLS Products and Caldwell have built a stellar reputation and track record of reliability in the slipform curb manufacturing industry.

15.    Based on its continuous and substantial use of the CLS PRODUCTS mark throughout the United States, the CLS PRODUCTS trademark has come to represent CLS Products' stellar reputation and high quality of its products.

### One Of CLS Products' Primary Methods of Obtaining Business Is Internet Advertising

16.    Because of the international character of many of CLS Products' customers and the increasing level of commerce conducted online in the United States, the Internet is a key means of attracting new customers for CLS Products.    Indeed, the vast majority of CLS Products' potential customers contact CLS Products based on the information provided on CLS Products' website, http://www.clsproductsusa.com.    Upon information and belief, CLS Products' customers also often continue to research CLS Products on the Internet after their initial contact to determine, among other things, if there is negative information published about CLS Products, and to determine if they actually want to order CLS Products' products.

17.    Because the majority of its customers contact CLS Products based on information that they have read about CLS Products on the Internet, CLS Products' Internet reputation is extremely important to its business.

18.    CLS Products has invested substantial amounts of money to build and maintain its Internet reputation.    By way of example, CLS Products spent approximately $20,000 in advertising in 2013 to direct customers to its website, and has allocated nearly $50,000 towards advertising in 2014.

19.    As a result of CLS Products' and Mr. Caldwell's efforts to develop their reputation and presence on the Internet, CLS Products has become successful in a highly competitive industry.    CLS Products regularly uses its name in commerce and is recognized as a leading manufacturer in the slipform concrete curb industry.

***CLS Products' Competitor Illegally Publishes False Information Regarding
Mr. Caldwell and CLS Products***

20.     Phoenix Curb is a competitor of CLS Products and is owned by Johnson.  Upon information and belief, Phoenix Curb obtains a significant amount of its business through the Internet.

21.     Upon information and belief, Defendants published false and misleading information on the Internet at the website www.ripoffreport.com concerning CLS Products and Mr. Caldwell in order to damage CLS Products' and Mr. Caldwell's reputation on the Internet.

22.     On or about February 11, 2013, Defendants published a false review of CLS Products and advertisement for Phoenix Curb on the website www.ripoffreport.com titled "CLS Products Stephen Caldwell, Pro Curb, Curb Appeal, Curb Appeal International Our company sued the entities and won a judgment and now own the rights to the CLS 200, CLS 400, CLS 600 Portland, Oregon."  In this posting, Defendants falsely claimed that a court judgment had given Phoenix Curb the exclusive right to CLS Products' machines, including model numbers "CA200, CA400 and the CA600."  The post also falsely stated that "[o]ur company now owns the rights to these machines and Caldwell and his new company is continuing to market the machines on the internet" and that CLS Products and Mr. Caldwell "do[] not have the capacity to build or deliver machines named above as our company has the contract to do so with his former contract manufacturer."  Finally, the false report stated that customers should "[b]e very careful in dealing with Caldwell [because] [h]e is the subject of an active, current investigation for fraud."  The post also included a photograph, taken from CLS Products' website depicting two CLS Products machines, model numbers CLS200 and CLS600.

23.     The fraudulent posting described in Paragraph 22 is available at the Uniform Resource    Locator    ("URL")    http://www.ripoffreport.com/r/cls-products/portland-oregon-

97209/cls-products-steven-caldwell-pro-curb-curb-appeal-curb-appeal-international-our-

company-1012576, and a true and accurate copy of the fraudulent posting is included below and

also attached hereto as Exhibit 1:

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

By consumers, for consumers...



Don't let them get away with it.⊛ Let the truth be known!™



...busi

■ **Home**    ■ **Help**

■ Total Visits since 1998: **8,840,241,620**    ■ Estimated money Consumers saved since 1998: **$15,470,422,834**

| FILE A REPORT | Update a Report | Latest Reports | Consumer Resources | Consumers Say Thank You | Legal Directory |  Repair your repu... Corporate |

■ Ripoff Report protects consumers first amendment right to free speech    ■ Review Latest F



Report: #1012576

# Complaint Review: CLS Products

**Related Reports**

Dream Products Product was returned and no credit was ever applied back to my credit card Van Nuys California

HOUSE OF BEAUTY WORLD TAKEN MONEY AND NOT SHIPPED PRODUCT HAS NOT RESPONDED TO MY EFFORTS TO CONTACT THEM Philadelphia Pennsylvania

rudy van heerden I along with 6 other people bought steel framing licenses from van heerden and his wife jenny. All of us got burnt losing money and the stress contributed to one of the licensees having a relapse and dying. Van heerden leaves a trail of lies and deceit wherever he goes and he managed to burn all my customers. christchurch south island

AuraVia Free Sample Scam Van Nuys California

Industrial Surplus Inc. REVIEW: Industrial Surplus Inc. commitment to customer satisfaction. A family owned business that believes in always satisfying their customers so they return. Industrial Surplus

■ **Submitted:** Mon, February 11, 2013  ■ **Updated:** Mon, February 11, 2013
■ **Reported By:** Curbie — **Portland Oregon** United States of America

■ CLS Products
 1336 NW Northrup St. Portland, OR 97209
 Portland, Oregon
 United States of America

■ **Phone:** 503-273-2872
■ **Web:** www.clsproductsusa.com
■ **Category:** Manufacturers

**CLS Products Steven Caldwell, Pro Curb, Curb Appeal, Curb Appeal International Our company sued the entities and won a judgment and we now own the rights to the CLS 200, CLS 400, CLS 600 Portland, Oregon**

*****REBUTTAL Owner of company**: Absurd

*****Author of original report**: Additional infromation, we won another lawsuit and forced bankruptcy.**



On the 5th of April, 2012 our company won a judgment in Mutltnomah County District Court against Steven Caldwell and all his companies. This judgment gave us the rights to his former partners past, present and future inventions including the CA200, CA400 and the CA600.

Our company now owns the rights to these machines and Caldwell and his new company is continuing to market the machines on the internet. He has admitted in depositions that he has taken orders and payments for these machines and not delivered them to customers.

Be very careful in dealing with Caldwell. He is the subject of an active, current investigation for fraud. He does not have the capacity to build or deliver machines named above as our company has the contract to do so with his former contract manufacturer.

Be very careful!

## Report Attachments:



8

24.     This posting is unquestionably false.  First, there is not a judgment against CLS Products or Mr. Caldwell that prohibits CLS Products from manufacturing the curb machines that it currently produces.  Second, all designs currently produced by CLS Products are the designs of CLS Products' Brazilian manufacturer, and are based on designs that are in the public domain.  Third, CLS Products is no longer marketing any CA200, CA400, or CA600 machines.  Fourth, the statement that CLS Products does "not have the capacity to build or deliver machines" is false.  CLS Products has the capacity to build and deliver the two machines pictured in the post, the CLS200 and the CLS600.  Fifth, the statement that Mr. Caldwell "is the subject of an active, current investigation for fraud" is false as, upon information and belief, no such investigation exists.

25.     These false statements blatantly disparage the business reputation that CLS Products and Mr. Caldwell have endeavored to build over the course of many years.

26.     The statements made by Defendants regarding CLS Products and Mr. Caldwell are literally false and designed to deter potential customers of CLS Products and divert those customers to Phoenix Curb.

27.     Upon information and belief, Does entered into an agreement with Phoenix Curb and Stuart prior to publishing these statements in order to facilitate their publication and cause irreparable harm to CLS Products and Mr. Caldwell.

*Defendants Illegally Publish A Second False Review And Advertisement*

28.     On or about January 4, 2014 Defendants published a second false review of CLS Products and advertisement for Phoenix Curb on the website www.ripoffreport.com titled, "CLS Products Stephen Caldwell More ripoff information available on our website, phoenixcurbmachines.com Portland Oregon."

29.    This report and advertisement stated that there had been "judgments awarded [to] ConTech International against Caldwell and ***all his sham companies*** . . . awarding the rights to all of [Phoenix Curb's] partners [sic] past, present and future inventions," that a judgment had been obtained for "ripping Guzik Concrete off . . . by taking the money and not delivering the CA 600 Gizik purchased," referred to the matter with Guzik Concrete as "the Guzik fraud case," referred to "a customer in Texas who has had a similar experience with Caldwell and his companies" (inferring that this customer has been "ripped off"). This report and advertisement also directed customers to visit Phoenix Curb's own competing website, www.phoenixcurbmachines.com.

30.    The fraudulent posting described in Paragraph 29 is available at the Uniform Resource Locator ("URL") http://www.ripoffreport.com/r/cls-products/portland-oregon-97230/cls-products-stephen-caldwell-more-ripoff-information-available-on-our-website-phoenixcu-1112870, and a true and accurate copy is presented below and also attached as Exhibit 2:

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

# Complaint Review: CLS Products

## Related Reports

1001 Marquettes.fr or 1001Model Kits Ordered two purchases on 28 and 29 December 2013 no refund nor products 1001modelkits.com France

myshedplans.com This is a scam. They don't give you what they promise. Tries to keep selling you more useless stuff. Ohio

Dream Products Product was returned and no credit was ever applied back to my credit card Van Nuys California

HOUSE OF BEAUTY WORLD TAKEN MONEY AND NOT SHIPPED PRODUCT.HAS NOT RESPONDED TO MY EFFORTS TO CONTACT THEM Philadelphia Pennsylvania

rudy van heerden I along with 6 other people bought steel framing licenses from van heerden and his wife jenny. All of us got burnt losing money and the stress contributed to one of the licensees having a relapse and dying. Van heerden leaves a trail of lies and deceit wherever he goes and he managed to burn all my customers. christchurch south island

AuraVia Free Sample Scam Van Nuys California

Ez Own Carports, LLC R & B Metal Structures Non-delivery of carport Jackson Georgia

penofin turned deck and trim black with mildew califirnia

Gaskets Rock Jim Cox They are selling nock of products and advertising that they are 100% OEM. he does not purchase any products from the OEM manufactures. All of the business owners in this industry have tried to get the PA Attorney General to put Pitt Pennsylvania

VaporNation AKA Better Life Products VaporNation AKA Better Life Products Ripped Me Off With a Poor Quality Vaporizer Marina Del Rey California

## Featured Ripoff Reports

- **Submitted:** Sat, January 04, 2014 ■ **Updated:** Sat, January 04, 2014
- **Reported By:** Curbie — Portland Oregon

■ **CLS Products**
Portland, Oregon
USA

- **Phone:** 503-273-2872
- **Web:** www.clsproductsusa.com
- **Category:** Cross-Border Scams

## CLS Products Stephen Caldwell More ripoff information available on our website, phoenixcurbmachines.com Portland Oregon



**REBUTTAL BOX™ | Respond to this Report!**

| Add Rebuttal to this Report ⊘ | Aribitrate & Set Record Straight |
| File New Report ⊘ | Repair Your Reputation ⊘ |

Although Stephen J. Caldwell would like you to believe that the information posted by us here on RipOff Report is "absurd" the simple facts are that the judgments awarded ConTech International against Caldwell and all his sham companies are a matter of public record and available for you to view. You may go to our website, phoenixcurbmachines.com and at the bottom of the home page review the court documents awarding the rights to all of our partners past, present and future inventions. Also you can review the judgment against Caldwell on behalf of Paul Guzik Jr. and Guzik Concrete. This judgment is for ripping Guzik Concrete off in the sum of $103,000 by taking the money and not deliverying the CA 600 Guzik purchased.

You will also find the name, phone number and email address for the FBI agent who interviewed us regarding the Guzik fraud case. We recommend that you contact the FBI if you have concerns or similar events have happened to you.

🖂 0   🖂 0   🖂 0
Author   Consumer   Employee/Owner

**Terror Group Gets 'A' Rating From Better Business Bureau?**

2020

BBB

Does your business have a bad reputation?
Fix it the right way.
Corporate Advocacy Program™

SEO Reputation Management
at its best!



31.    This posting is false and misleading.  CLS Products manufactures actual slipform curbing machines and is simply not a "sham company" designed to steal customers money. Moreover, Mr. Caldwell has never run such a "sham company."  Additionally, the post misleads CLS Products' potential customers into believing that the judgments referenced in the posting— and accessible on Phoenix Curb's website—were against CLS Products and resulted in CLS Products losing the intellectual property rights to its machines and/or its designs.  This is wholly false.  None of the referenced judgments were against CLS Products and the machines produced

by CLS Products are based on designs that are in the public domain, not subject to an unidentified patent held by Phoenix Curb.  As to the posting's allegation that CLS Products "ripped off" its customers and is involved in a "fraud case," the dispute regarding Guznik Concrete did not involve CLS Products, and Plaintiffs are unaware of any allegations of fraud or other criminal activity asserted against CLS Products.

32.     These false statements blatantly disparage the business reputation that CLS Products and Mr. Caldwell have endeavored to build over the course of many years.

33.     The statements made by Defendants regarding CLS Products and Mr. Caldwell are literally false and designed to deter potential customers of CLS Products and divert those customers to Phoenix Curb, as evidenced by Defendants twice providing its own website along with the misleading statements regarding CLS Products.

34.     Upon information and belief, Does entered into an agreement with Phoenix Curb and Stuart prior to publishing these statements in order to facilitate their publication and cause irreparable harm to CLS Products and Mr. Caldwell.

### Johnson Informed A CLS Products Employee That His Goal Is To Shut CLS Products Down

35.     On or about December 23, 2013, a CLS Products employee, Cameron Crieb ("Mr. Crieb"), became aware of negative statements on Phoenix Curb's website www.phoenixcurbmachines.com and www.ripoffreport.com regarding CLS Products.

36.     On or about January 2, 2014, Mr. Crieb made a telephone call to Johnson to inquire why Johnson was posting false statements regarding CLS Products on the Internet.

37.     Johnson informed him that he planned on shutting CLS Products down and that he was working that afternoon on publishing new materials regarding CLS Products on the Internet.

38.     On January 4, 2014, the posting described in Paragraphs 28-30 was published on the website www.ripoffreport.com.

### The Fraudulent Reviews And Advertisements Have Caused Significant Harm

39.     The false and misleading reviews and advertisements published by Defendants have caused and continue to cause CLS Products and Mr. Caldwell significant harm.  The fraudulent postings confuse, deceive, and intentionally mislead consumers to believe that CLS Products is unable to provide its customers with the goods promised and that CLS Products and Mr. Caldwell are engaged in fraudulent activity.

40.     The postings by Defendants published on the website www.ripoffreport.com have caused and continue to cause significant and irreparable harm as they act as a deterrent to retain current customers and to attract prospective customers.

41.     Given that CLS Products' primary source of business is the Internet, the false reviews and advertisements are particularly damaging.

42.     In 2013, CLS Products more than doubled its advertising efforts from 2012, spending approximately $20,000 in advertising to direct potential customers to its website.  As a result, both traffic to CLS Products' website and "promising" leads (*i.e.* customer inquiries of a type that have historically had a high level of likelihood of leading to successful sales) increased dramatically in 2013.

43.     The increased Internet traffic and increased number of "promising" customer leads, however, have not led to increased sales.  To the contrary, a review of "promising" leads received within the past ninety (90) days reveals that out of more than fifty (50) such leads, only two (2) have resulted in actual sales.  This is approximately an 80% decrease in the number of sales CLS Products usually generates from "promising" leads.

44.    Upon information and belief, this decrease in sales is the result of prospective customers conducting Internet searches in order to investigate the reputation and reliability of CLS Products as a manufacturer prior to making a final purchase.

45.    Upon information and belief, potential customers have read the two posts made by Defendants on www.ripoffreport.com, and then decided not to do business with CLS Products as a result of these false postings.

46.    Defendants' two postings to the website www.ripoffreport.com are now the top results when a person searches for CLS Products on the Internet.

47.    When a potential customer performs a Google search for "cls products reviews," the two "Ripoff Report" webpages containing false information about CLS Products are the first search results.  A screenshot of these search results is presented below:



48.    Similarly, when a potential customer performs a Google search for "cls products oregon," the two "Ripoff Report" webpages containing false information about CLS Products are the top search results, as shown in the screenshot below:



49.    As a result of Defendants' illegal publication of false information on the Internet, prospective customers seeking to purchase or gather information regarding slipform curb pouring machines made by CLS Products now encounter the two "Ripoff Reports" on the website www.ripoffreport.com, forever poisoning the customers' impression of the company and its services.  The CLS Products name—along with that of Mr. Caldwell—is, therefore, continually linked to the word "ripoff."

50.    Notably, the intent of Defendants to harm Plaintiffs is clearly demonstrated by the words that they used in the titles of the two "Ripoff Reports."  By using the company name "CLS Products", "Portland, Oregon," and the CLS Products product number designations "CLS 200, CLS 400, CLS 600," Defendants were ensuring that the fraudulent post would appeal to the algorithms that Google employs to rank search results when a customer is searching for information and/or reviews regarding CLS Products.

51.     Even more damaging, the website www.ripoffreport.com maintains a policy in which it refuses to remove any post published on its website – even if the person who published the post requests that it be removed.

52.     The website www.ripoffreport.com claims that it can maintain this policy and is legally protected from liability pursuant to Section 230 of the Communications Decency Act.

53.     Under 47 U.S.C. § 230(c)(1), "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  Further, § 230(c)(2) shields these providers from liability.

54.     The fraudulent reviews and advertisements, therefore, will remain on the website www.ripoffreport.com and, thus, the Internet in perpetuity, forever damaging Plaintiffs.

55.     There can be no question that this false advertisement has irreparably harmed Plaintiffs and will continue to cause considerable damage to Plaintiffs' business due to the willful and malicious conduct of Defendants.

## COUNT ONE
### (Violation of the Lanham Act, 15 U.S.C. § 1125)

56.     Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

57.     Defendant Stewart is the owner of Defendant Phoenix Curb, a company in direct competition with CLS Products.

58.     Defendants' statements about the nature, characteristics, and qualities of CLS Products are false.

59.     Defendants' false statements constitute false commercial advertising or promotion intended to disparage CLS Products and to deceive the public about its nature, characteristics, and qualities.

60.     Defendants' false allegations misrepresenting the trustworthiness, ethics, fairness, honesty and legality of CLS Products and the goods it sells are material because they are likely to affect consumer decisions about purchasing goods from CLS Products.

61.     Because Defendants intentionally set out to deceive the public, a presumption arises that consumers are, in fact, being deceived.

62.     Defendants' false statements were disseminated in interstate commerce on the Internet.

63.     Defendants' false statements have caused damages to CLS Products including, but not limited to, loss of sales, and damage to its existing and potential business relations.

64.     Defendants' false statements constitute false and misleading advertising as to the nature, characteristics, and qualities of the goods and commercial activities CLS Products provides in commerce, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

65.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

66.     Pursuant to 15 U.S.C. § 1117(b), Plaintiffs are entitled to an award of treble damages.

**COUNT TWO**
**(Defamation Per Se As To CLS Products)**

67.     Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

68.     By posting false customer reviews and advertisements regarding Plaintiffs on the website www.ripoffreport.com that falsely claim that Phoenix Curb owns the rights to CLS Products' goods, that Defendants have obtained judgments against CLS Products, that Plaintiffs

18

are engaged in fraud, that CLS Products does not have the ability to build or deliver its products, and that CLS Products is a sham company, Defendants have published materially false statements of fact concerning CLS Products' products and services.

69.     The information published by Defendants is false and the defamatory statements regarding CLS Products are actionable.

70.     Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

71.     Defendants are at fault for publishing the defamatory information.

72.     The published statements were made with the requisite intent by Defendants to irreparably harm CLS Products' professional and business reputation.

73.     The published statements demonstrate an intent to harm CLS Products' professional and business reputation and were made with actual malice.

74.     The defamatory comments defamed CLS Products on their face and constitute defamation per se.

75.     Defendants' unlawful conduct has caused and will continue to cause CLS Products imminent, irreparable injuries for which there is no adequate legal remedy. Accordingly, CLS Products is entitled to permanent injunctive relief.

76.     As Defendants have placed CLS Products' professional and business reputation publicly at issue, CLS Products is entitled to a declaratory judgment that Defendants' statements are false.

## COUNT THREE
### (Defamation As To CLS Products)

77.     Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

78.    By posting false customer reviews and advertisements regarding Plaintiffs on the website www.ripoffreport.com that falsely claim that Phoenix Curb owns the rights to CLS Products' goods, that Defendants have obtained judgments against CLS Products, that Plaintiffs are engaged in fraud, that CLS Products does not have the ability to build or deliver its products, and that CLS Products is a sham company, Defendants have published materially false statements of fact concerning CLS Products' products and services.

79.    The information published by Defendants is false and the defamatory statements regarding CLS Products are actionable.

80.    Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

81.    Defendants are at fault for publishing the defamatory information.

82.    The published statements were made with the requisite intent by Defendants to irreparably harm CLS Products' professional and business reputation.

83.    The published statements demonstrate an intent to harm CLS Products' professional and business reputation and were made with actual malice.

84.    CLS Products has been damaged by the defamatory statements published by Defendants on the Internet.

85.    Defendants' unlawful conduct has caused and will continue to cause CLS Products imminent, irreparable injuries for which there is no adequate legal remedy. Accordingly, CLS Products is entitled to permanent injunctive relief.

86.    As Defendants have placed CLS Products' professional and business reputation publicly at issue, CLS Products is entitled to a declaratory judgment that Defendants' statements are false.

## COUNT FOUR
### (Defamation Per Se As To Mr. Caldwell)

87.     Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

88.     By posting false customer reviews and advertisements regarding Plaintiffs on the website www.ripoffreport.com that falsely claim that Phoenix Curb owns the rights to CLS Products' goods, that Defendants have obtained judgments against CLS Products, that Plaintiffs are engaged in fraud, that CLS Products does not have the ability to build or deliver its products, that CLS Products is a sham company, and that Mr. Caldwell's other companies have been shams, Defendants have published materially false statements of fact concerning Mr. Caldwell and his profession and services.

89.     The information published by Defendants is false and the defamatory statements regarding Mr. Caldwell are actionable statements.

90.     Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

91.     Defendants are at fault for publishing the defamatory information.

92.     The published statements were made with the requisite intent by Defendants to irreparably harm Mr. Caldwell's professional and business reputation.

93.     The published statements demonstrate an intent to harm CLS Products' professional and business reputation and were made with actual malice.

94.     The defamatory statements defamed Mr. Caldwell on their face and constitute defamation per se.

95.     Defendants' unlawful conduct has caused and will continue to cause Mr. Caldwell imminent, irreparable injuries for which there is no adequate legal remedy.  Accordingly, Mr. Caldwell is entitled to permanent injunctive relief.

96.     As Defendants have placed Mr. Caldwell's professional and business reputation publicly at issue, Mr. Caldwell is entitled to a declaratory judgment that Defendants' statements are false.

<u>**COUNT FIVE**</u>
**(Defamation As To Mr. Caldwell)**

97.     Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

98.     By posting false customer reviews and advertisements regarding Plaintiffs on the website www.ripoffreport.com that falsely claim that Phoenix Curb owns the rights to CLS Products' goods, that Defendants have obtained judgments against CLS Products, that Plaintiffs are engaged in fraud, that CLS Products does not have the ability to build or deliver its products, that CLS Products is a sham company, and that Mr. Caldwell's other companies have been shams, Defendants have published materially false statements of fact concerning Mr. Caldwell and his profession and services.

99.     The information published by Defendants is false and the defamatory statements regarding Mr. Caldwell are actionable statements.

100.     Defendants have published unprivileged, defamatory information on the Internet, viewable to at least one third party.

101.     Defendants are at fault for publishing the defamatory information.

102.     The published statements were made with the requisite intent by Defendants to irreparably harm Mr. Caldwell's professional and business reputation.

103.    The published statements demonstrate an intent to harm CLS Products' professional and business reputation and were made with actual malice

104.    Mr. Caldwell has been damaged by the defamatory statements published by Defendants on the Internet.

105.    Defendants' unlawful conduct has caused and will continue to cause Mr. Caldwell imminent, irreparable injuries for which there is no adequate legal remedy.  Accordingly, Mr. Caldwell is entitled to permanent injunctive relief.

106.    As Defendants have placed Mr. Caldwell's professional and business reputation publicly at issue, Mr. Caldwell is entitled to a declaratory judgment that Defendants' statements are false.

## COUNT SIX
### (Tortious Interference with Business Relations)

107.    Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

108.    At the time of Defendants' publishing of defamatory statements on the website www.ripoffreport.com, Plaintiffs were engaged in contractual relations with third parties, and were soliciting new business relations from third parties, and had a reasonable expectation of establishing such relationships with prospective customers.

109.    Upon information and belief, Defendants' had knowledge of Plaintiffs' contractual relations with third parties and Plaintiffs' solicitation of business relations with prospective customers.

110.    Without justification, Defendants intentionally, and with malice, interfered with the business relationships between Plaintiffs and these third parties by posting defamatory

23

information regarding Plaintiffs on the Internet, aimed at damaging the reputation of Plaintiffs in order to divert potential customers to Phoenix Curb.

111.    Plaintiffs have been damaged by Defendants' unlawful tortious interference with their current and prospective contractual relations.

## COUNT SEVEN
### (Conspiracy)

112.    Plaintiffs incorporate by reference all allegations in their Complaint as though the same were fully set forth herein.

113.    Defendants published false reviews and advertisements containing materially false statements of fact regarding Plaintiffs on the website www.ripoffreport.com with the purpose of destroying the professional and business reputations of Plaintiffs.

114.    Each of the Defendants knowingly and willfully agreed among themselves to publish the false reviews and advertisements regarding Plaintiffs and entered into an agreement to accomplish this goal.

115.    Each of the Defendants published the false reviews and advertisements contained herein pursuant to and in furtherance of their agreement.

116.    Defendants, through cooperation, encouragement, and ratification, adopted the acts of one another in furtherance of their agreement to publish the false reviews and advertisements regarding Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

A.      Judgment in favor of Plaintiffs and against Defendants, in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages,

treble damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.      Preliminary and permanent injunction that issues the following orders against Defendants, their agents, officers, members, managers, employees, representatives, and co-conspirators ("Restrained Parties"):

      i.      Prohibiting the Restrained Parties from any further acts of defamation or publishing of false statements, reviews, advertisements, comments, or information regarding Plaintiffs,

      ii.     Mandating that the Restrained Parties take all action to remove all defamatory, disparaging, libelous, and false statements about Plaintiffs that Defendants posted on the Internet, including requesting that Internet search engines such as Google, Yahoo!, and Bing remove links to the libelous Uniform Resource Locators ("URL") from their search indices,

        1)      http://www.ripoffreport.com/r/cls-products/portland-oregon-97209/cls-products-steven-caldwell-pro-curb-curb-appeal-curb-appeal-international-our-company-1012576

        2)      http://www.ripoffreport.com/r/cls-products/portland-oregon-97230/cls-products-stephen-caldwell-more-ripoff-information-available-on-our-website-phoenixcu-1112870

      iii.    Prohibiting the Restrained Parties from posting or publishing false and defamatory statements, similar to those outlined herein, regarding Plaintiffs on other public-facing Internet websites; and

C.      Declaratory judgment that Defendants' statements regarding Plaintiffs are false;

D.      An award of attorneys' fees, costs, and expenses; and

E.      Such other and further relief as the Court deems just, equitable and proper.

*/// ///*

*/// ///*

*/// ///*

## JURY DEMAND

**Plaintiffs demand trial by jury of all issues so triable.**

February 11, 2014                    Respectfully Submitted,

**CLS Products, LLC and Stephen J. Caldwell**

*By their attorneys*

/s/ Richard W. Todd
Richard W, Todd
TODD & SHANNON LLP
111 W. Hist. Col. River Highway
Troutdale, Oregon   97060
ph:  (503) 232-2600
fax: (503) 232-2609